**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-00410-04-CR-W-DW |
| ) | |
| EDWARD EARL SCOTT, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Magistrate Judge Sarah W. Hays' Report and Recommendation finding Defendant not competent to stand trial (Doc. 84).

A three-part process for determining mental competency to stand trial exists under 18 U.S.C. § 4241. A district court must first determine, by a preponderance of the evidence, whether the defendant suffers from a "mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a), (d). If the district court concludes that the defendant lacks sufficient mental competency to proceed to trial, "the court shall commit the defendant to the custody of the Attorney General" and the "Attorney General shall hospitalize the defendant for treatment . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed." 18 U.S.C. § 4241(d), (d)(1).

On April 3, 2007, Defendant moved for a judicial determination of mental competency. Thereafter, Defendant was examined at the offices of Dr. William Logan. Dr. Logan concluded that although Defendant is able to understand the nature and consequences of the proceedings against him, his ability to assist his attorney is so marginal that he is not competent to stand trial. Defendant and the Government stipulated to Dr. Logan's findings. After the hearing, Magistrate Hays prepared a Report and Recommendation finding Defendant not competent to stand trial. After an independent review of the record, the Court adopts the Magistrate's finding of facts and conclusions of law.

It is hereby ORDERED that:

(1) The Magistrate's Report and Recommendation be attached to and made part of this Order.

(2) Defendant Scott is incompetent to stand trial.

(3) Defendant Scott shall be committed to the custody of the Attorney General. Pursuant to 18 U.S.C. § § 4241(d)(1), the Attorney General shall hospitalize Scott for treatment in a suitable facility for a reasonable period of time, not to exceed four months, to determine whether there is a substantial possibility that in the foreseeable future Scott will attain the capacity to permit the trial to proceed.


Date:   September 20, 2007                        /s/ Dean Whipple
                                                  Dean Whipple
                                                  United States District Judge